# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| MARCIA PANTON, | ) |
| Plaintiff, | ) |
| | ) Case No. 8:23-cv-1051 |
| v. | ) |
| WELLS FARGO BANK, N.A., | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, MARCIA PANTON, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendant, WELLS FARGO BANK, N.A., Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for all damages allowable under the Electronic Funds Transfer Act (hereinafter, "EFTA"), 15 U.S.C. §1693, et seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the EFTA, 15 U.S.C. §1693m.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. MARCIA PANTON, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of St. Petersburg, County of Pinellas, State of Florida.

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1693a(6).

6. At all relevant times, Plaintiff had an asset account in her name with Defendant (hereinafter, "Plaintiff's Wells Fargo Account").

7. At all relevant times, Plaintiff's Wells Fargo Account was established to hold funds used primarily for Plaintiff's personal use and/or household expenditures.

8. At all relevant times, Plaintiff's Wells Fargo Account was an "account" as that term is defined by 15 U.S.C. §1693a(2).

9. WELLS FARGO BANK, N.A. (hereinafter, "Defendant") is a business entity that conducts business within the State of Florida. Defendant is incorporated in the State of Florida.

10. At all relevant times, Defendant was a bank that held Plaintiff's Wells Fargo Account.

11. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

12. At all relevant times, Defendant was a "financial institution" as that term is defined by 15 U.S.C. §1693a(9).

13. At all relevant times, unknown third parties received funds from Plaintiff's Wells Fargo Account, which were transferred to an unknown third party via an electronic terminal, telephonic instruction or computer or magnetic tape

after unknown third parties instructed Defendant to transfer funds to unknown third parties from Plaintiff's Wells Fargo Account.

## IV.  ALLEGATIONS

14. On or about February 21, 2023, $3,146.68 was debited from Plaintiff's Wells Fargo Account.

15. On or about February 21, 2023, $3,146.68 was debited from Plaintiff's Wells Fargo Account by an unknown third party.

16. Prior to February 21, 2023, Plaintiff was not aware of the circumstances relating to the debit of funds from Plaintiff's Wells Fargo Account on February 21, 2023, by an unknown third party.

17. Plaintiff did not provide unknown third parties with consent to debit funds from Plaintiff's Wells Fargo Account on February 21, 2023.

18. Plaintiff did not provide Defendant with consent for unknown third parties to debit funds from Plaintiff's Wells Fargo Account on February 21, 2023.

19. Prior to February 21, 2023, Plaintiff was not aware that $3,146.68 was to be debited from Plaintiff's Wells Fargo Account by an unknown third party, as delineated above.

20. On or about February 22, 2023, Plaintiff ascertained that $3,146.68 was debited from Plaintiff's Wells Fargo Account.

21. On or about February 22, 2023, Plaintiff provided Defendant with notice that she disputed the debit of funds by unknown third parties relative to Plaintiff's Wells Fargo Account on February 21, 2023.

22.  On or about February 22, 2023, Plaintiff provided Defendant with information to allow Defendant to identity Plaintiff's Wells Fargo Account, such as:

    a.  Plaintiff's Wells Fargo Account number;

    b.  Plaintiff's personal identifying information;

    c.  The name under which Plaintiff's Wells Fargo Account was registered;

    d.  The date of the transaction which Plaintiff disputed relative to Plaintiff's Wells Fargo Account;

    e.  The amount of the transaction which Plaintiff disputed relative to Plaintiff's Wells Fargo Account; and,

    f.  The transaction reference number relative to the transaction Plaintiff disputed with respect to Plaintiff's Wells Fargo Account.

23.  On or about February 22, 2023, Plaintiff provided Defendant with notice that she believed an error was contained on the aforesaid monthly account relative to the debit of funds by unknown third parties relative to Plaintiff's Wells Fargo Account on February 21, 2023.

24.  On or about February 22, 2023, Plaintiff provided Defendant with notice that the debit of funds by the unknown third party relative to Plaintiff's Wells Fargo Account on February 21, 2023 was an unauthorized electronic transfer of funds from Plaintiff's Wells Fargo Account to unknown third parties.

25.  On or about February 22, 2023, Plaintiff informed Defendant that she did not provide unknown third parties with consent to debit funds from Plaintiff's Wells Fargo Account on February 21, 2023.

26. On or about February 22, 2023, Plaintiff informed Defendant that she disputes owing the $3,146.68 debited from his account by unknown third parties on February 21, 2023.

27. On or about February 22, 2023, Plaintiff provided Defendant with notice of the circumstances as to why Plaintiff believed the debit of funds by unknown third parties on February 21, 2023, was carried out in error, such as:

    a. Plaintiff never authorized the debit of funds from Plaintiff's Wells Fargo Account;

    b. Plaintiff never provided unknown third parties with permission, consent or authority to debit funds from Plaintiff's Wells Fargo Account;

    c. Plaintiff never had any relationship with the recipient of the funds, and in fact, had no idea who or what that entity was;

    d. Plaintiff's husband, who also had an account with Defendant, had the same unauthorized transaction take place at the same time for the same amount, and Defendant determined that to be fraudulent;

    e. The transaction was entirely inconsistent with any previous account activity.

28. On February 27, 2023, Defendant sent a written response to Plaintiff's dispute advising that based upon the information available, it has determined that Plaintiff did authorize the transaction.

29. To date, Defendant has not conducted a reasonable investigation relative to the error complained of by Plaintiff.

30. Defendant has not issued Plaintiff a credit for the funds debited by unknown third parties from Plaintiff's Wells Fargo Account.

31. On February 27, 2023, Defendant sent correspondence that advised Plaintiff that she had the right to request copies of available documents relied upon to make the determination that Plaintiff authorized the transaction and provided a number to contact to make such a request.

32. On multiple occasions since February 27, 2023, Plaintiff contacted the phone number that was provided and requested documents.

33. Presently, Plaintiff remains without any documents that Defendant claims it relied upon to make the determination that Plaintiff authorized the transaction, and therefor is left without any knowledge of why her bank suggests she authorized a transaction in which she did not.

34. Presently, Plaintiff remains without the $3,146.68 debited by unknown third parties from Plaintiff's Wells Fargo Account.

35. Defendant's conduct, as delineated above, was in violation of 15 U.S.C. §1693f(a).

36. Defendant's conduct, as delineated above, was in violation of 15 U.S.C. §1693f(d).

37. Defendant's conduct, as delineated above, was in violation of 15 U.S.C. §1693f(e)(1) and (2).

38. Pursuant to 15 U.S.C. §1693g(a), Defendant failed to hold Plaintiff responsible for no more than $50 for the unauthorized transaction.

39. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer mental anguish and emotional distress and out-of-pocket damages.

WHEREFORE, Plaintiff, MARCIA PANTON, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages allowable under 15 U.S.C. §1693m(a)(2)(A);

    c. Plaintiff's attorneys' fees and costs; and,

    d. Any other relief deemed appropriate by this Honorable Court.

### V. JURY DEMAND

40. Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,
**MARCIA PANTON**

By: *s/ David M. Marco*
Attorney for Plaintiff

Dated: May 12, 2023

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
7204 Kyle Court
Sarasota, FL 34240
**Telephone:** (312) 546-6539
**Facsimile:** (888) 418-1277
**E-Mail:** dmarco@smithmarco.com